# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE
Assigned On Briefs February 12, 2013

## STATE OF TENNESSEE v. LARRY LEE ROBERTSON

**Appeal from the Criminal Court for Sumner County**
**No. 319-2010    Dee David Gay, Judge**

———

**No.  M2012-02128-CCA-R3-CD - Filed March 19, 2013**

———

Appellant, Larry Lee Robertson, pled guilty to selling oxycodone in Sumner County in October of 2010.  He received a sentence of six years on probation.  In May of 2012, a probation violation warrant was filed alleging that Appellant violated the terms of his probation by using intoxicants to excess and pleading guilty to a public intoxication charge. After a hearing, the trial court revoked Appellant's probation and ordered him to serve his sentence in confinement.  Appellant filed a timely notice of appeal.  After a review of the record and authorities, we determine that the trial court did not abuse its discretion in revoking Appellant's probation as there was evidence to support the conclusion of the trial court that a violation of the conditions of probation occurred.  Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JEFFREY S. BIVINS, JJ., joined.

Heather Haufler, Hendersonville, Tennessee, for the appellant, Larry Lee Robertson.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Lawrence R. Whitley, District Attorney General, and Sallie W. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I. FACTS

Appellant was indicted by the Sumner County Grand Jury in April of 2010 for selling oxycodone in a school zone.  In October, Appellant pled guilty to selling oxycodone and

received a six-year sentence, to be served on probation. On May 24, 2012, a probation violation warrant was filed that alleged Appellant had violated the terms and conditions of his probation by: (1) getting arrested on May 10, 2012, for public intoxication; and (2) using intoxicants to excess. As a result of the arrest on May 10, Appellant pled guilty to public intoxication.

The trial court held a hearing on the probation violation warrant. At the hearing, Appellant's probation officer, Clarence McQuary, testified that he filed the probation violation warrant after Appellant pled guilty to public intoxication. Mr. McQuary testified that Appellant's initial charge was driving under the influence, fifth offense. Mr. McQuary explained that the terms and conditions of Appellant's probation required him to obey all laws and refrain from using any intoxicant to excess.

Officer Amanda Brewster of the Hendersonville Police Department also testified at the hearing. According to Officer Brewster, she was on patrol around 1:00 a.m. on May 10, 2012 when a white Ford Mustang sped by her. She followed the car. The car pulled into a parking lot and stopped behind a closed business. When Officer Brewster reached the car, there was no one inside. Appellant was found hiding behind a nearby shed. No one else was present in the area. Appellant was intoxicated and admitted that he had been drinking. When questioned, Appellant denied that the car was his or that he had driven it at all. Instead, Appellant claimed that a Hispanic man stole the vehicle and gave Appellant a ride. Appellant then claimed that he was looking for money on top of the roof.

Officer Brewster described Appellant as unable to complete field sobriety tests. Further, the officer was unable to locate the keys to the car. Upon investigation, she learned that Appellant's license was suspended.

Appellant testified at the hearing. He admitted that he violated the terms of his probation. Appellant informed the trial court that this was his first violation and explained that there was a delay in reporting the arrest to his probation officer because there was "confusion" about whether he was driving the car. Appellant also acknowledged that he lied to the arresting officer but claimed that he lied because he did not want someone named "Charlie Smithy" to get a charge for driving under the influence. Appellant blamed the violation on making a "bad choice" to drink to excess. Appellant stated he had been drinking "sporadically" in the "few weeks" prior to his arrest. Appellant continued to insist that he was not the driver of the car.

Appellant's brother, Lee Robertson, testified that Appellant has struggled with an addiction to pain medication due to an injury received in an accident. Mr. Robertson blamed the State for proscribing morphine to his brother and then refusing to pay for it. Mr.

Robertson stated that he and his brother had a "falling out" due to Appellant's alcohol use, but he felt that his brother had changed.

At the conclusion of the hearing, the trial court revoked Appellant's probation and ordered him to serve his sentence in confinement. The trial court commented that he did not know whether Appellant was actually driving the vehicle the night that he was arrested but that he "had been drinking for two weeks", "drank that night", and was "under the influence" when he lied to police. The trial court stated that he did not "care" if it was Appellant's first violation of probation because everyone has to be "accountable", and Appellant's behavior is "inexcusable."

Appellant filed a timely notice of appeal.

*Analysis*

On appeal, Appellant argues that the trial court abused its discretion in ordering Appellant's probation to be revoked. Ironically, Appellant admits that "the trial judge did not abuse his discretion in finding a violation of probation" but that the trial court abused its discretion by ordering Appellant to serve the entirety of his sentence in incarceration considering the "positive" direction that probation was sending Appellant toward. The State disagrees.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. §§ 40-35-310 & -311. After finding a violation of probation and determining that probation should be revoked, a trial judge can: (1) order the defendant to serve the sentence in incarceration; (2) cause execution of the judgment as it was originally entered, or, in other words, begin the probationary sentence anew; or (3) extend the probationary period for up to two years. *See* T.C.A. §§ 40-35-308(c) & -311(e); *State v. Hunter*, 1 S.W.3d 643, 647-48 (Tenn. 1999). The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review, rather than a de novo standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. *Id.* The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

We have reviewed the record on appeal and find ample evidence to support the trial court's conclusion that a violation of probation occurred. Appellant himself testified that he was intoxicated on the night of his arrest and did not notify his probation officer as required. When a trial court has determined that a defendant has violated the terms of his probation, the trial court may choose to order the defendant to serve his sentence in incarceration as originally ordered. In the case at hand, the trial court decided to do so. Based on the record before us, we find no abuse of discretion in ordering Appellant to serve his sentence in incarceration.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE